UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALLANTYNE SMASH, LLC<br><br>                              Plaintiff,<br><br>v.<br><br>TILLSTER, INC.,<br><br>                              Defendant. | No. 22-CV-09007<br><br>**COMPLAINT** |

Plaintiff Ballantyne Smash, LLC. ("Ballantyne"), by and through its undersigned attorneys, Hoguet Newman Regal & Kenney, LLP, as and for its Complaint against Defendant Tillster, Inc. ("Tillster"), alleges as follows:

## INTRODUCTION

1. Tillster is one of the largest global digital ordering providers for quick service and fast casual restaurants. It advertises its ability to "simplify digital ordering" with its "award-winning technologies." Independent restaurant owners and franchisees can retain Tillster to provide its online-ordering system. Tillster promises that its platform will, among other things, integrate an electronic payment system to ensure that the restaurant owner or franchisee receives payment for each food order. In return for Tillster's on-line ordering system, Tillster takes $0.65 of every order processed.

2. Ballantyne is a franchisee operating a Smashburger restaurant in Charlotte, North Carolina. In April 2020, Ballantyne retained Tillster to provide its online-ordering system. On or about April 30, 2020, Tillster went live with the online ordering system it set up for Ballantyne. Tillster, however, set up Ballantyne's account for processing food orders without ensuring that Ballantyne's customers pay for those orders. As a direct result of Tillster's failure to properly set

1

up its online ordering system, customers ordered over $150,000 in food from Ballantyne without being charged. At the same time, Tillster represented each transaction as valid and charged Ballantyne $0.65 for each order processed. Tillster's actions were in violation of its agreement with Ballantyne, causing Ballantyne to sustain damages in an amount to be proved at trial.

## PARTIES

3. Ballantyne is a North Carolina limited liability company with a principal place of business at 7804 Rea Road, Charlotte, North Carolina 28277.

4. Tillster is a Delaware corporation with its principal place of business at 10960 Wilshire Blvd. Ste. 400, Los Angeles, California 90024.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

6. Ballantyne is a citizen of North Carolina. It has one sole member who is also a citizen of North Carolina.

7. Tillster is a citizen of Delaware or California.

8. Both parties have consented through a written contract to in personam jurisdiction and venue in this Court.

## GENERAL ALLEGATIONS

9. Ballantyne, through its sole member, Mr. Joba Adekanmbi, owns and operates a Smashburger franchise. Smashburger is an American fast-casual hamburger restaurant chain.

10. Tillster is a global provider of digital ordering for quick service and fast casual restaurants. At all times relevant to this Complaint, Tillster had an agreement with Smashburger to provide online ordering services for Smashburger franchisees that chose to offer online ordering.

11. In April 2020, as the global pandemic closed in-person dining, Ballantyne contracted with Tillster to provide an online ordering platform.

**A. The Joinder Agreement and Master Services Agreement**

12. On April 6, 2020, the parties entered into a Joinder Agreement whereby Tillster agreed to provide "a Smashburger-branded responsible web ordering application and mobile hybrid application that enables your Guests to place orders through the world wide web, as well as via mobile and tablet devices and transmit those orders to your restaurant for dine-in, pick-up, or delivery, as applicable."

13. The Joinder Agreement incorporates a Master Services Agreement ("MSA") entered into between the majority stakeholder of Smashburger (Honeybee Foods Corporation d/b/a Jollibee) and Tillster, dated June 5, 2017 (Unless otherwise specified, hereafter referred to collectively as the Agreement).

14. Under the parties' Agreement, Tillster was required to process orders from Ballantyne's customers placed through Smashburger's "order.smashburger.com" website. Tillster's contractual responsibilities in connection therewith included collecting the payments from Ballantyne's customers and depositing the sums collected into Ballantyne's bank account.

15. In exchange for the web ordering application, Tillster was entitled to take $0.65 from Ballantyne for every ordered processed.

16. Under Section 9(b) of the MSA, Tillster represented, warranted, and covenanted to Ballantyne that it would "provide Services in a good and workmanlike manner, in accordance with the standards of care and diligence, and the level of skill, knowledge and judgment customarily practiced by similar service providers performing services of a similar nature."

**B. Tillster's Faulty Launch and Maintenance of Ballantyne's Online Ordering System**

17. On April 30, 2020, Tillster went live with the online ordering system it set up for Ballantyne, enabling its customers to remotely place orders at Ballantyne's Smashburger restaurant.

18. Under the system set up by Tillster, following each order, customers receive an order confirmation which they present to Ballantyne at the time they come into the restaurant to pick up their order. Ballantyne reviews the confirmation on the customer's phone prior to giving the customer the food order.

19. Tillster charged Ballantyne $0.65 for each order leading Ballantyne to believe customers paid for these orders.

20. In reality, Tillster was not charging customers for these orders.

21. Tillster failed to exercise the appropriate level of skill, care and diligence it promised when it went live with its online ordering system.

22. Upon information and belief, Tillster failed to conduct basic tests to ensure that customers' orders were processed and charged properly.

23. Tillster then failed to exercise sufficient oversight to ensure customers paid for the orders before sending the orders to Ballantyne for fulfillment.

24. For approximately ten months after it went live with its online ordering system for Ballantyne, the latter's customers continued to order food but Tillster failed to collect or charge the customers for those orders.

25. By sending Ballantyne order confirmations and deducting fees for processing each order, Tillster engaged in misleading conduct which caused Ballantyne to believe that it was being paid for these orders.

26. Ballantyne suffered significant damages as result of Tillster's wrongful actions and inactions, including but not limited to:

   a. Ballantyne did not get paid on over $150,000 worth of online sales;

   b. Because Tillster represented the orders as valid transactions, these sales figures were reported for tax and royalty purposes forcing Ballantyne to pay taxes and royalties on sales never collected.

   c. Ballantyne also paid Tillster for each transaction even though Tillster was not collecting or charging the customers for the orders.

27. Following the events alleged herein, Smashburger has since terminated its agreement with Tillster and entered into a new contract for online ordering services with one of Tillster's competitors.

C. **Tillster's Bad Faith Refusal to Make Ballantyne Whole**

28. To date, Tillster has not compensated Ballantyne for Tillster's mismanagement of Ballantyne's online ordering system.

29. On May 3, 2021, Ballantyne sent a letter to Tillster detailing the issue and asking Tillster to remedy the same. What followed was a series of delays each time Ballantyne inquired about Tillster's response to Ballantyne's letter:

   a. On May 6, 2021 Tillster responded stating it would provide a substantive response before May 18, 2021.

   b. On May 19, 2021, Tillster responded that it needed "a few more days to respond on this matter."

   c. On May 21, 2021 Tillster responded that it was "engaged with Smashburger corporate on this issue and will get back to you next week."

   d. On June 10, 2021, Tillster responded that "there was an internal discussion recently. Let me follow up to see where we are at."

30. Following its June 10th response, Tillster ceased responding to Ballantyne's request to discuss the mismanagement of its online ordering system'

31. On November 22, 2021, Ballantyne sent a second letter to Tillster detailing once again Tillster's failures and asking Tillster to remedy the same:

   a. On November 23, 2021, Tillster acknowledged receipt of Ballantyne's November 22nd letter, stating it would respond during the week of November 29.

   b. On December 9, 2021, following a request for a response to Ballantyne's November 22nd letter, Tillster responded that it was "still in discussions," thanking Ballantyne for its "continued patience."

   c. On December 16, 2021, after another follow-up request for status, Tillster responded by stating that it was still engaged in "following up internally" and that it "hop[ed] to have an answer soon."

32. Following its December 16th response, Tillster ceased responding to Ballantyne's request to be made whole for its losses arising from Tillster's failure to properly launch its online ordering system.

33. To date, Tillster has not substantively responded to Ballantyne's letters of May 3, and November 22, 2021, nor has it provided Ballantyne with a result of its internal investigations.

34. To date, Tillster has failed to make Ballantyne whole for its losses arising from Tillster's failure to properly launch its online ordering system for Ballantyne.

35. In the time since Tillster stopped responding to Ballantyne's requests that Tillster make it whole, Smashburger has terminated its agreement with Tillster to provide online ordering services for all Smashburger franchisees. As of September 13, 2022, all Smashburger franchise restaurants, including Ballantyne's, have transitioned to one of Tillster's competitors, Olo, Inc., for the provision of online ordering services.

## CAUSE OF ACTION

### *Breach of Contract*

36. Ballantyne incorporates the preceding paragraphs as though fully set forth herein.

37. The Agreement is a valid contract between Ballantyne and Tillster.

38. Ballantyne performed all of its obligations under the Agreement.

39. Tillster breached the Agreement by failing to collect or charge Ballantyne's customers for orders placed through Tillster's online ordering system, while still charging and collecting a processing fee from Ballantyne for those orders.

40. Such breach has caused Ballantyne to suffer at least $150,000 in damages, as well as interest for the period during which Tillster has refused to pay what it owes to Ballantyne.

41. As a consequence of Tillsters breach, Ballantyne is entitled to recover damages, in an amount to be awarded at trial, but in an amount no less than $150,000, together with interests, costs and other such relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, Plaintiff Ballantyne respectfully requests that the Court enter judgment in its favor and against Defendant Tillster as follows:

a. adjudicating Tillster to be in breach of its contract with Ballantye;

b. awarding Ballantyne damages in an amount to be determined at trial, but in an amount no less than $150,000, together with pre-judgment and post-judgment interest thereon; and

c. awarding such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: October 21, 2022<br>New York, New York | Hoguet Newman Regal & Kenney, LLP<br><br>*S/ Bonnie E. Trunley*_____<br>Bonnie E. Trunley<br>btrunley@hnrklaw.com<br>60 East 42nd Street, 48th Floor<br>New York, NY 10016<br>Phone: 212-689-8808<br>*Attorneys for Ballantyne Smash, LLC* |