**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Ballantyne Smash, LLC <br><br> Plaintiff(s) <br><br> -against- <br><br><br> Tillster, Inc. <br><br> Defendant(s) | No.: __22_CV_09007__ <br> **ESI Plan and Order** |

**The parties in this action stipulate and agree that the following ESI Plan and [Proposed] Order
shall govern the preservation, collection and production of electronically stored information
and documents in this action.**

**(1)      Description of Claims/Counterclaims/CrossClaims**:

Plaintiff and Defendant are parties to a contract under which Defendant agreed to provide Plaintiff with an online ordering system for Plaintiff's Smashburger restaurant.  Plaintiff's position is that when the online ordering system went live in April 2020, Defendant had set up the account in such a way that Plaintiff's customers were not charged for the orders placed through Defendant's system, resulting in Plaintiff not being paid for orders placed through Defendant's system.  Plaintiff seeks to recover the damages it has suffered due to Defendants' negligence in setting up the online ordering account.

Defendant's position is that Plaintiff's claims for relief are barred because Plaintiff agreed, in writing, that Defendant's sole obligation, and Plaintiff's exclusive remedy, would be for Defendant to promptly reperform any non-conforming services reported by Plaintiff to Defendant.  Plaintiff also agreed that deliverables provided by Defendant would be deemed accepted on the earlier of (i) 30 days after the delivery or (ii) upon the launch and such time period has passed.  Plaintiff failed to disclose information uniquely within its possession to notify Defendant of the need to address any product issues.

**(a)      Plaintiff's Estimated Monetary Damages and Description of Other Relief
Sought:**

Plaintiffs' estimated monetary damages amount to: $162,918.74.

1

**(b)**     **Defendant's Estimated Damages on any Counterclaim/Cross-Claims and Description of Other Relief Sought:**

Defendant requests its reasonable costs and expenses of litigation relating to defending against Plaintiff's claims, including attorney's fees.

**By signing below, counsel for the parties confirm that they have factored in the potential damages and relief sought in this case, as well as the resources of the parties, to develop an ESI Plan that is proportional to the needs of this case.**

**(2)**     **Meet and Confer**.  Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference).  Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):  2/14/23 and 3/30/23

**(3)**     **Preservation.**

**(a)**     **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to:  (e.g., retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.)**

Plaintiff(s):

Plaintiff is a limited liability company, and its sole member is an individual named Joba Adekanmbi.  Mr. Adekanmbi has saved and preserved all relevant emails and other electronic files in his possession regarding this case on his work computer, and also maintains a backup of these files on his home computer.

Defendant(s):

Since notice of Plaintiff's suit, Defendant, and individuals involved in the contract and execution of the contract with Plaintiff, have preserved relevant emails and other electronic files in their possession pursuant to a litigation hold notice.

2

_____

_____

_____

_____

**(b)**     **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.**

The parties have discussed Defendant's litigation hold communications and

Defendant's counsel has confirmed that a litigation hold notice was distributed.

_____

**(4)**     **Collection**

**(a)**     **State the extent to which the parties have agreed on the scope of documents to be collected (e.g., custodians and files/folders, servers, databases) for search and review and agreement on methods of collection.**

The parties agree to collect relevant files from their respective custodians, including
emails, business recrods, and other relevant files.

The parties have agreed upon Plaintiff's custodian and are in discussions regarding
Defendant's custodians.

_____

**(b)**     **Source(s) of Electronically Stored Information.  The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:**

Plaintiff(s):

Plaintiff anticipates discovery of Mr. Adekanmbi's emails from his work email

account as well as word processing documents and spreadsheets saved

in folders on his work computer.  Plaintiff will also search Mr. Adekanmbi's

home computer to confirm that no additional relevant documents or information

are saved there.

_____

Defendant(s):

Defendant anticipates discovery may occur from email accounts

and various folders on the work computers of custodians.

_____

_____

_____

_____

**(c)** **Custodians/Databases.  The parties have agreed that data will be collected from the following custodians/databases for review:**

Plaintiff(s):

Mr. Adekanmbi is the sole custodian.

Mr. Adekanmbi's non-email files from his work computer is the only other

anticipated source for collection, with the understanding that  searches will

be run on his home computer to confirm that all files saved there are

duplicative of those on his work computer.

_____

Defendant(s):

Custodians are individuals at Tillster, Inc. who have had contact

with Plaintiff's Tillster-provided services.  Non ESI files that Defendant

anticipates may be collected are limited to contracts.

_____

_____

_____

**(5)** **Search and Review**

**(a)** **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used.  (Some of the approaches that may be considered**

include:  the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc.)  To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s):

Plaintiff intends to conduct searches and review all potentially relevant

emails and documents involving Tillster, Honeybee Foods Corporation d/b/a Jollibee

("Smashburger Corporate"), Fiserv, Inc., and Plaintiff's Point of Sale system

in order to locate responsive documents.

Defendant(s):

Defendant will conduct a curated electronic review of potentially

relevant files limited to those within the possession of agreed-upon

custodians and responsive to agreed-upon search terms.

**(6)   Production**

**(a)   Limitations on Production.  The parties have discussed factors relating to the scope of production, including but not limited to:  (i) number of custodians; (ii)  date ranges for which potentially relevant data will be drawn; (iii) timing of productions (including phased discovery or rolling productions); (iv) prioritization of review; and (vi) electronically stored information in the custody or control of non-parties.  To the extent the parties have reached agreements related to any of these factors, describe below:**

Plaintiff(s):

Plaintiff's production will be limited to the time period starting January 1, 2020.

Plaintiff agrees to produce responsive documents as soon as
practicable on a rolling basis.  ESI may be sought from non-parties
to the extent it is discovered that non-parties are in possession of
relevant and material information.

Defendant(s):

Defendant agrees to search for responsive ESI from no more than
five key custodians beginning on January 1, 2020.

Defendant agrees to produce the responsive documents as soon as
practicable without prioritization.  To the extent Defendant discovers
non-parties with relevant and critical information to the dispute,
ESI may be sought from such non-parties.

**(b)** **Form(s) of Production and Metadata to be produced:**

**(1)** **The parties have readied the following agreements regarding the form(s) of productions and metadata fields to be produced:**

Plaintiff(s):

Plaintiffs will produce OCR'd PDFs and accompanying native
versions (which reflect metadata), where available, for all
responsive documents.

Defendant(s):

Defendant will produce either (1) OCR'd PDFs of all responsive documents
and natives, reflecting metadata, where available or (2) TIFF files
with accompanying text load files, with the understanding that Defendant
will only produce in TIFF format to the extent that production of
OCR'd PDFs is more expensive than production in TIFF format.

(2)     **Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):**

The parties have discussed and do not anticipate any exceptions

to the form(s) of production indicated above, but will confer to the extent

a different production format is required for any responsive ESI.

 

 

 

(3)     **Methods to expedite review.  The parties have discussed and agree to the following (e.g., de-duplication, email threading, etc.)**

Given the anticipated small volume of the parties' productions in

this case, the parties do not anticipate using any methods to expedite

review at this time.  The parties reserve the right to revisit this issue

should production volumes exceed expectations, and would consider

the use of de-duplication and e-mail threading to the extent necessary.

 

(4)     **Privileged Material.**

(a)     **Identification.  The parties have agreed to the following method(s) for the identification (e.g., form of logs, acceptability of categorical logs for certain categories of communications, production of metadata log in lieu of or in advance of more limited document by document log, categories of documents that need not be logged, disclosure of number of documents withheld pursuant to certain privileges in lieu of document by document log), and the redaction of privileged documents:**

The parties will exchange privilege logs identifying all documents

withheld or redacted on the basis of privilege, setting forth the basis

for assertion of the privilege, and will abide by the relevant provisions

of the Local Rules of the U.S. District Court for the Southern District of New York.

_____

_____

**(b)      Inadvertent Production / Claw-Back Agreements.  Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.)** (the parties are referred to the Rule 502 order in Judge Willis's form confidentiality order):

The parties are in the process of finalizing an agreement to allow

for the clawback of inadvertendtly produced privileged documents.

_____

_____

_____

_____

**(c)      The parties have discussed a 502(d) Order. Yes ✓ No __**

**The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

**(5)      Cost of Production.  The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information.  The factors and components underlying these costs are estimated as follows:**

**(a)      Costs.**

Plaintiff(s):

_____

The costs associated with Plaintiff's production will be based on the

attorney and support staff time spent on collecting, reviewing,

and preparing documents for production, all of which are dependent

upon the scope of Defendant's requests.

_____

8

Defendant(s):

Costs associated with Defendant's production include the scope of
Plaintiff's requests and resulting search terms, the format required
for production, the location of potentially relevant material, and the
associated review for responsiveness.

**(b)     Cost Allocation.  The parties have considered cost-shifting
or cost-sharing and have reached the following agreements, if
any:**

None.

**(c)     Cost Savings.  The parties have considered cost-saving
measures, such as the use of a common electronic discovery
vendor or a shared document repository, and have reached the
following agreements, if any:**

The parties have discussed reasonable limits on the scope of
discovery in order to limit costs.

The preceding constitutes the agreement(s) reached between the parties to certain matters concerning electronic discovery as of this date.  Counsel certify that in connection with preparation of this ESI Plan and [Proposed] Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Party:** Ballantyne Smash, LLC          **By:** _____ Bonnie E. Trunley

**Party:** Tillster, Inc.          **By:** _____ Dennis C. Hopkins

**Party:** _____          **By:** _____

**Party:** _____          **By:** _____

**Party:** _____          **By:** _____

**Dated:** __March 30__ , 20_23_          **SO ORDERED:**

_____

**Jennifer E. Willis**
**United States Magistrate Judge**
March 31, 2023

10